We must conclude that the defendant has breached the ''Wall.'' It must be repaired.

The plaintiff will, therefore, be awarded that declaratory judgment and granted such injunctive relief against the defendant which this opinion permits and supports and an entry may be prepared in accordance therewith.

*Judgment accordingly.*

CRAMER, J., of Butler County sitting by assignment in Mercer County.

WESTERN ASSURANCE CO. *v.* BEVACQUA.

[Cite as Western Assurance Co. v. Bevacqua, 4 Ohio Misc. 277.]

278

(No. 22326—Decided June 22, 1964.)
Court of Common Pleas of Cuyahoga County.

*Mr. Forrest A. Norman, Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for plaintiff.
*Mr. Harold H. Sayre, Messrs. Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern,* for defendant Bevacqua.

FRIEDMAN, J. In its amended petition, plaintiff, Western Assurance Company, alleges:

That plaintiff is a corporation organized under the laws of the Dominion of Canada and authorized to do business in the Dominion of Canada; that the defendant John Bevacqua is a citizen and resident of the state of Ohio and defendant Forbes is a citizen and resident of the Province of Ontario, Canada.

Plaintiff further states that there was in full force and effect in the Province of Ontario, Canada, the Insurance Act, Revised Statutes of Ontario (R. S. O.) 1960; that it issued a policy of liability insurance to Roy A. Doran, Sr., on or about the 11th day of July, 1960, which provided coverage to said Doran and other persons driving Doran's automobile with the permission of the named insured.

The petition alleges further that some time prior to July 11, 1960, Roy Doran, Sr., gave permission to his son, Roy Doran, Jr., to drive said automobile, a Volkswagen described in said automobile policy, from Canada to Cleveland, Ohio.

It is alleged further that on or about July 11, 1960, said described Volkswagen was involved in an accident when it struck an automobile operated by the defendant John Bevacqua, and that said Volkswagen at the time of the accident was operated by the defendant Francis R. Forbes. It is alleged that the defendant Francis R. Forbes did not have the permission of the insured to drive the Volkswagen for coverage to ensue as required by the terms of the policy.

It is alleged further by plaintiff that the said John Bevacqua filed a suit for damages and injuries sustained on July 15, 1960, in the Court of Common Pleas of Cuyahoga County, and

that there is a controversy between the plaintiff and each of the defendants as to the following:

1. Whether or not the policy of liability insurance issued by plaintiff extended coverage to the defendant Francis R. Forbes;
2. Whether the plaintiff has any obligation with respect to defending or indemnifying Francis R. Forbes for any actions, claims, or judgments against him arising out of the accident hereinbefore referred to.

The defendant John Bevacqua filed his answer to the amended petition and a counterclaim.

The said defendant admits the controversy existing between the parties, admits that there was in full force and effect in the Province of Ontario, Canada, the Insurance Act, R. S. O. 1960, Chapter 190, as set forth in plaintiff's petition, and in addition thereto defendant John Bevacqua submits for consideration the following provisions of the Act:

"Sec. 213(4) Any person insured by but not named in a policy may recover indemnity in the same manner and to the same extent as if named therein as the insured, and for that purpose shall be deemed to be a party to the contract and to have given consideration therefor."

"Sec. 198(e) 'Insured' means a person insured by a contract, whether named or not;"

"Further, defendant, John Bevacqua, avers that at all times pertinent hereto there was in full force and effect in the Province of Ontario, Canada, the Highway Traffic Act, R. S. O. 1960, Chapter 172, Section 105 (1) of which Act provides:

" 'The owner of a motor vehicle is liable for loss or damage sustained by any person by reason of negligence in the operation of the motor vehicle on a highway unless the motor vehicle was without the owner's consent in the possession of some person other than the owner or his chauffeur, and the driver of a motor vehicle not being the owner is liable to the same extent as the owner.' "

It is alleged by the defendant John Bevacqua that the permission of the father Doran to his son included permission to anyone authorized by his son, and that defendant Forbes had the express and implied permission to operate the vehicle at the time of the accident in question.

The counterclaim of the defendant Bevacqua requests the court to declare that the plaintiff is obliged under its policy of

liability insurance to indemnify defendant Francis R. Forbes for any claims presented or judgments recovered against him by the defendant John Bevacqua arising out of the accident aforesaid and the declaration that plaintiff is obliged under its policy to pay to the defendant John Bevacqua the amount due him under any claims or judgments against the defendant Francis R. Forbes as a result of said accident.

Subsequent to the filing of the pleadings and prior to the trial of this matter defendant John Bevacqua duly filed a demand for jury trial of the following issues of fact:

1. Do you find from a consideration of all the evidence that Roy A. Doran, the father, at the time he permitted his son to take the Volkswagen to Cleveland, specifically instructed his son not to permit any person other than the son to operate the Volkswagen? (2) Do you find from a consideration of all the evidence that the son had express or implied authority to permit others to drive the automobile, and that pursuant to such authority the son gave his consent to Francis R. Forbes to operate the Volkswagen?

### Findings of Fact.

The evidence adduced during trial showed the following:

That in November of 1959 Roy Doran, Sr., purchased a Volkswagen automobile; title and insurance were placed in his name; that the son of Roy Doran, Sr., namely Roy Doran, Jr., at the time of the purchase of said automobile and insurance coverage was 17 years of age.

The evidence further showed that in January of 1960 before the date of the accident in question plaintiff was specifically notified that Roy A. Doran, Jr., being an under age driver and the father desiring protection for him, paid an increased premium to plaintiff to cover the son's operation of the automobile.

The evidence further disclosed that in April of 1960 the father permitted his son to take the Volkswagen and drive to Cleveland, Ohio, where the son had obtained employment. In a deposition read at the time of trial the father stated that he had instructed his son that he was not to permit anyone else to drive the Volkswagen. The evidence further disclosed that the son and the defendant Francis R. Forbes were native sons of Canada and that they obtained employment in Cleveland and were residing together with a relative of the insured.

The defendant Francis R. Forbes testified that he was a friend of Roy Doran, Jr., and that while residing with him during his stay in Cleveland the said Roy Doran, Jr., voluntarily offered permission to him to use the car at any time. That on the occasion prior to the accident the key to the said automobile was left on the bedroom dresser by Roy Doran, Jr., and that he took the key to drive to a grocery store and during the course of doing so the collision occurred. The question of permission to drive to Francis R. Forbes was denied by Roy Doran, Jr.

The jury, upon hearing the evidence and upon being duly charged on the fact issues, submitted to it for consideration, brought in the following findings of fact:

1. That the insured designated in the policy did not instruct his son not to permit any person other than him to operate the Volkswagen.

2. That the insured did give and convey to the son the express or implied authority to permit others to drive the automible and pursuant to such authority gave his consent to the defendant Francis Forbes to operate the Volkswagen.

### Decision of the Court.

As stated, this is an action seeking declaratory judgment under Section 2721.02, Revised Code, which provides in substance that where a justiciable controversy exists between the parties involved, declaratory proceedings is an appropriate remedy. *Driskill* v. *City of Cincinnati,* 66 Ohio App. 372; *American Life & Acc. Ins. Co.* v. *Jones,* 152 Ohio St. 287.

Section 2721.10, Revised Code, provides where declaratory judgment proceedings involve a determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

Since there were definite issues of fact in dispute between the parties as to whether or not the insured Roy A. Doran, Sr., at the time he permitted his son to take the Volkswagen to Cleveland, instructed his son not to permit any person other than himself to operate said automobile, and furthermore whether or not the son had express or implied authority to permit others to drive, this court considered the questions as proper ones for determination by a jury.

During the course of the trial the plaintiff brought to the court's attention Canadian case law and its submission was

properly presented pursuant to Section 2317.09, Revised Code.

Canada, being a foreign country, its law must be pleaded and proved as any other fact. 21 Ohio Jurisprudence 2d, Evidence, Section 36. Judicial notice will not be taken of the laws of foreign nations, whether written or unwritten, and therefore must be proved by competent evidence as any other material fact in the case.

Several cases were submitted by plaintiff and this court merely wishes to direct attention to two of these cases. In the case of *Marshall* v. *Mulvie,* 1937, Ontario Weekly Notes 690, the facts are that one Fulford was the owner of an automobile. Mulvie was the owner's chauffeur. The chauffeur lived with his son over the garage on Fulford's premises. The chauffeur was given express consent to use Fulford's car on errands for Fulford. No consent was ever given to the son for that purpose. The son of Mulvie, while operating the car on an errand for Fulford and without knowledge or consent of the owner, was involved in an accident. The court in this instance denied coverage on the basis that no consent was obtained or given by the owner.

In the case of *Bennetto* v. *Leslie,* 1950 Weekly Ontario Notes 248, the owner of the vehicle was Werby and the operator was Miss Leslie. Miss Leslie had worked with Werby and had acted as a babysitter for Mrs. Werby. Mr. Werby was the designated insured in the policy. There was disputed evidence as to whether or not Mrs. Werby had authorized Miss Leslie to operate said automobile. The court stated that since Miss Leslie did not receive the consent of the insured, namely Mr. Werby, coverage could not be extended to her even if the wife of Mr. Werby authorized her to do so.

These two cases and the other cases cited by plaintiff are not analogous to the situation confronting us in the matter at issue. The facts in the case before this court, which were undisputed, disclose a father-son relationship in the purchase of two automobiles by the father, one a Buick and the other a Volkswagen, the payment of an additional premium to cover the son's operation of the automobile since he was under age, and the fact that Roy Doran, Jr., the son, was the main and only user of the Volkswagen, having been given permission to take the car several hundred miles from home on a rather permanent

basis—these facts certainly make the case in issue distinguishable from the facts in the cases cited by plaintiff.

In addition to the foregoing, plaintiff submitted through a deposition the expert opinion of a well established lawyer of Canada who stated:

That the burden is on the owner to show that the auto was in the possession of some person other than the owner without the owner's consent.

The jury in carefully sifting and evaluating the evidence found not only that plaintiff through the owner failed to sustain the burden of proof, but affirmatively made its finding on the evidence before it that the son of the owner did have the authority from his father, the named insured, to permit defendanant Forbes to drive the car, and that pursuant to said authority did authorize him to do so at the time of the accident in issue.

Since the jury determined the primary issues of fact favorable to the claims of defendant Bevacqua and Forbes and as against the claim of plaintiff, it is the finding of this court that the relief prayed by plaintiff in its amended petition is hereby denied, and a finding is hereby made in favor of defendant Bevacqua on the relief requested in his amended answer and counterclaim.

*Judgment accordingly.*