### MacLellan
### v.
### Motorists Insurance Co.
*[Cite as 4 AOA 320]*

*Case No. 57169*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

Frederic E. Kramer Of Counsel, McNeal, Schick, Archibald & Biro Co., L.P.A., Tenth Floor - Illuminating Bldg., Cleveland, Ohio 44113, for Plaintiff-Appellee.

Thomas W. Wright Of Counsel, Davis and Young Co., L.P.A., 1700 Midland Building, Cleveland, Ohio 44115, for Defendant-Appellant.

McMANAMON, J.

Motorists Insurance Company ("the insurer") appeals a summary judgment requiring it to defend a minor defendant, (Mike MacLellan), in a wrongful death action. In two assigned errors, the insurer posits the trial court (1) failed to require the minor's father and representative, R.G. MacLellan, to support his contentions properly, and (2) erroneously found Michael MacLellan to have "used" the insured vehicle as contemplated by the policy provisions.

Our review of the motion and supporting materials compels us to affirm the judgment of the common pleas court.

The father initiated this action by seeking declaratory judgment to determine the duties the insurer owed him on behalf of his minor son, Mike MacLellan ("the son"), who rode in a car operated by one of its insureds at the time of a motor vehicle collision.

The underlying complaint avers that the son, the insured and seven others

"were drivers or occupants of three automobiles who were so [*sic*] negligently operating said automobiles, squirting water at persons on the sidewalk, slowing and stopping in traffic and creating a hazard for other vehicles on the roadway, including Ronald Scandura, the deceased."

The trial court, after considering the parties' stipulated facts and the issues raised in their summary judgment motions, declared that the insurer owed a duty to defend and indemnify the son as a "covered person" within the meaning of its policy.

In both assigned errors, the insurer argues the trial court erroneously failed to impose on the father the burden of proving the son "used" the insured vehicle in the manner contemplated by insurance policy. Without such proof, the insurer contends it has no duty to defend and indemnify the son.

R.C. 2721.03 permits a minor's father, as an interested party, to assert a declaratory judgment action to construe an insurance provision which defines a "covered person" as "[a]ny person using your covered auto." *Preferred Risk Ins. Co.*

v. *Gill* (1987), 30 Ohio St. 3d 108, 111; *Erie Ins. Group* v. *Fisher* (1984), 15 Ohio St. 3d 380, 381. See *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, 178. The trial court has the discretion to grant declaratory relief upon a showing of '"* * * a real and substantial controversy admitting of specific relief through a decree of a conclusive character * * *.'" *Bilyeu* v. *Motorists Mutual Ins. Co.* (1973), 36 Ohio St. 2d 35, 37, quoting *Aetna Life Ins. Co.* v. *Haworth* (1937), 300 U.S. 227, 241; *Western Assurance Co* v. *Bevacqua* (1964), 4 Ohio Misc. 277. Absent an abuse of discretion a reviewing court cannot question the court's grant or denial of declaratory judgment. *Bilyeu, supra; Ohio Medical Professional Liability Underwriting Assn.* v. *Physicians Ins. Co. of Ohio* (1985), 27 Ohio App. 3d 23, 26.

Where, as here the allegations in the pleadings state a claim which is potentially covered by the insurer's policy, the insurer must defend against the claim, even if it is ultimately found not to be liable. *Liberty Mut. Ins. Co.* v. *Allstate Ins. Co.* (1985), 16 Ohio St. 3d 8; *Willoughby Hills, supra,* syllabus; *Motorists Mutual Ins. Co.* v. *Trainor* (1973), 33 Ohio St. 2d 41, paragraph two of the syllabus; *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.* (1945), 144 Ohio St. 382, paragraph one of the syllabus; *Goss* v. *Cincinnati Insurance Co.* (1985), 26 Ohio App. 3d 142, citing *Goss* v. *Cincinnati Insurance Co.* (Sept. 1, 1983), Cuyahoga App. No. 46386, unreported, at 4.

An insurer may evade the duty to defend only upon a good faith demonstration that the facts underlying the complaint differ from the actual facts, thereby removing the action from its coverage. *Preferred Risk Ins. Co., supra,* paragraph one of the syllabus. This the insurer did not do. As a result, the trial court properly declared the insurer's duty to defend the son in the wrongful death action.

Determining whether the son "used" the vehicle for insurance purposes is a genuine issue of material fact. *Novak* v. *Druzbacky* (July 10, 1986), Cuyahoga App. No. 50837, unreported. In the course of declaring a judgment, the trial court may ascertain such facts as are necessary to interpret the contract provisions which determine the rights and obligations of the parties. *Erie Ins. Group, supra,* at 382. It would be improper for the court to dispose of a complaint for declaratory judgment summarily where there is a justiciable controversy between the parties. *Fioresi* v. *State Farm Mutual Auto Ins.* (1985), 26 Ohio App. 3d 203, 204; *Cuyahoga Falls* v. *Robart*

(Aug. 16, 1989), Summit App. No. 13981, unreported, at 10.

To determine if the insurer owed the son indemnity should he be found liable in the wrongful death action, the court necessarily had to determine if he "used" the vehicle in a manner contemplated by the policy.

The automobile insurance term "use" is not confined merely to driving or operating a vehicle. *Brown* v. *Kennedy* (1943), 141 Ohio St. 457, 464 (where a passenger "used" an automobile at the time of an accident for the purpose of transportation from her home of college). In determining if a passenger "used" a vehicle, a trial court may look to whether the "use" a connected with a condition that proximately caused the accident. *Nationwide Ins. Co.* v. *Auto-Owners Mutual Ins.* (1987), 37 Ohio App. 3d 199, 202. The court may approximately consider the purported "users" actions, intent and purpose. *Id.* at 203.

The only information in the record regarding the reason the son was in the car and the activities in which he engaged, is contained in the wrongful death complaint against him. The complaint alleges Michael MacLellan engaged in negligent activities with the drivers and occupants of three cars and created a hazardous condition on the roadway. No evidence of his actions was presented to the court. Based upon the matters presented, the trial court determined that the insurer must indemnify MacLellan "* * * in the event of an adverse judgment." We agree. The imposition of liability on the son in the wrongful death action will necessitate proof that he, as an occupant, "negligently used" the vehicle by creating a hazardous road condition. If this is proved, then the son did "use" the car as required by the insurance contract and the insurer must indemnify him as a "covered person."

We hold the trial court properly found the insurer obliged to defend Michael MacLellan in the wrongful death action and to indemnify him in the event of an adverse judgment.

*Judgment affirmed.*

KRUPANSKY, P.J.,and HOFSTETTER, J., concur.

Sitting by assignment, Judge Edwin T. Hofstetter, retired from the Court of Appeals of Ohio, Eleventh Appellate District.