BILYEU ET AL., APPELLANTS, *v*. MOTORISTS MUTUAL INS. CO., APPELLEE.

(No. 72-865—Decided November 14, 1973.)

**36**

*Messrs. Thomas & Thomas* and *Mr. Harold B. Thomas*, for appellants.

*Messrs. Sebastian, Durst & Marsh, Mr. Arthur M. Sebastian* and *Messrs. Thornburg & Furbee*, for appellee.

CELEBREZZE, J.  Both the Common Pleas Court and the Court of Appeals held that the questions dealing with pyramiding of coverage and setoff of medical payments were not properly placed before the court.  The Court of Appeals speaks of an advisory opinion and the Common Pleas Court speaks of a lack of real and substantial controversy between the parties.

It is stipulated by the parties that:

"*For purposes of this action only* and without prejudice to the defendant to deny the same in any subsequent litigation or arbitration proceedings involving the same parties and the same claims, the court *may* assume that plaintiffs' damages *may* exceed the sum of $10,000." (Emphasis added.)*

The above stipulation points out the fatal flaw in appellants' argument that declaratory judgment is mandated

---

*This opinion is concerned primarily with the allegations dealing with the pyramiding of policies.  Appellants allege and appellee concedes in its brief that *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, determines the controversy as to medical setoff.  While Motorists does not agree with that holding, to argue that declaratory relief is necessary in such a situation is unrealistic at best.

in this cause, which is that the controversy is based upon a contingency which may never occur. The Court of Common Pleas found that arbitration was mandatory on the question of liability and damages. The parties agree that Judy L. Bilyeu was covered under the policies issued to her father, and that this coverage included uninsured motorist coverage. A controversy exists only if the arbitrator makes an award over the limit of one of the policies ($10,000). As yet, there is no arbitrator and no award has been made.

It is a general rule that the granting of declaratory relief is a matter for judicial discretion. *Aetna Life Ins. Co. v. Haworth* (1937), 300 U. S. 227. See Borchard, Declaratory Judgments (2 Ed.), 61. See, also, 22 American Jurisprudence 2d 845, Declaratory Judgments, Section 9. In *Aetna*, at page 241, the Supreme Court held that in order to grant declaratory relief the court must be convinced of the existence of "* * * a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

Thus, a determination as to the granting or denying of declaratory relief is one of degree. Although this court might agree or disagree with that determination, our decision must be whether such a determination is reasonable.

In our opinion, it was not unreasonable for the lower courts to decide that the events which could arise from this controversy may never happen. The controversy might be settled by the parties, or the arbitrator's award might be less than $10,000. Those are possibilities which the courts below no doubt considered in determining that a declaratory judgment action did not lie.

For the foregoing reasons, the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas denying declaratory relief, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.