Tootle *v.* Wood et al.[*]

(No. 73-CI-441—Decided January 7, 1974.)

Court of Common Pleas of Pickaway County.

*Huffer & Huffer Co., L. P. A.,* and *Mr. Robert H. Huffer,* for plaintiff.
*Mr. Thomas F. Tootle,* for defendant Sharon Wood.
*Mr. Robert C. Paxton, II,* for defendant Bureau of Motor Vehicles.

Ammer, J. This is an action in which the plaintiff asks for a declaratory judgment as to the matter of liability relating to an automobile accident on October 19, 1972. Plaintiff further asks for a restraining order against the Enforcement Division of the Bureau of Motor Vehicles relative to suspension of her operator's license and registration. A temporary restraining order had previously been granted and is still in effect.

The Bureau of Motor Vehicles has filed a motion to dismiss the suit for failure to state a claim pursuant to Rule 12 (B) 6 of the Rules of Civil Procedure.

The defendant, Sharon Wood, has filed a motion to dismiss the action on the basis that the complaint failed to state a claim against her.

Memorandum in support of and contra to both motions have been filed.

The basis of the action is that the plaintiff while operating a motor vehicle on Northridge Road in the city of Circleville struck an automobile which was parked on that street.

It appears that plaintiff was uninsured at that time and

---

[*]An appeal has been taken in this case.

the Bureau of Motor Vehicles after a determination ordered that her driver's license and registration be suspended under the provisions of R. C. 4509.17. The Bureau had determined that the plaintiff was at fault and that she was uninsured at that time.

Under R. C. 119.12 the plaintiff appealed the suspension order to this court, Case Number 73-CI-130. The matter having been submitted to the court the decision was rendered on September 6, 1973 by this court which reads in part as follows:

"The Court having considered this matter finds that the order of the Bureau of Motor Vehicles is supported by reliable, probative and substantial evidence and is in accordance with law. The Court, therefore, will affirm the order of the Bureau of Motor Vehicles in the case."

The plaintiff did not appeal the decision of the Common Pleas Court in her earlier appeal and, therefore, the same became final.

The plaintiff is now seeking to restrain the Bureau from suspension of her driving rights by this action for declaratory judgment.

The Bureau of Motor Vehicles contends that inasmuch as the previous appeal had become final that there is no basis for the present action and that this constitutes a collateral attack on the previous decision.

The defendant, Sharon Wood, in her memorandum in support of the motion to dismiss, contends that the declaratory judgment is not a proper remedy since the issue of damages would be unsettled thereby subjecting the defendant to the possibility of defending two suits.

The plaintiff in her memorandum contends that the defendant Sharon Wood was guilty of contributory negligence and that the court should make this determination in the present action for declaratory judgment. She further contends that she would be willing to stipulate the amount of damages being represented by the amount of repair work that was necessary.

R. C. 4509.17 reads as follows:

"Except as provided in sections 4509.01 to 4509.78, inclusive, of the Revised Code, upon failure of any person

to deposit the security required under section 4509.12 of the Revised Code within ten days after the registrar of motor vehicles has sent the notice provided for in section 4509.13 of the Revised Code, the registrar shall suspend the license of such person and the registrations of all motor vehicles owned by such person If the person is a nonresident, the suspension shall include the privilege of operating any motor vehicle within this state or permitting the operation within this state of any motor vehicle owned by the nonresident.''

The action originally was instituted under the above section. Following the decision of the Bureau of Motor Vehicles determining liability and suspending the plaintiff's drivers license and registration she filed an appeal under R. C. 119.12 which reads in part as follows:

''Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license, registration of a licensee, or revoking or suspending a license, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *.

''Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13, inclusive, of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. * * *

''Unless otherwise provided by law, in the hearing of the appeal the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.''

R. C. 119.12 further provides as follows:

''The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court

has admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order to make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. * * *''

It is clear in this case that the procedure provided for by statute and the subsequent appeal had been followed and determined with the judgment being final since there was no appeal taken to the Court of Appeals. The plaintiff is now seeking to attack that decision through this action for declaratory judgment.

In the case of *Bilyeu* v. *Motorists Mutual Ins. Co.*, 36 Ohio St. 2d 35, 65 O. O. 2d 179, decided November 14, 1973, the Supreme Court of Ohio stated the following in the syllabus:

"The granting or denying of declaratory relief is a matter for judicial discretion, and where a court determines that a controversy is so contingent that declaratory relief does not lie, this court will not reverse unless the lower court's determination is clearly unreasonable."

In 16 Ohio Jurisprudence 2d 590, Section 10, the following is set forth:

"The granting of a declaratory judgment is within the sound discretion of the court, and the jurisdiction to grant such judgment is not limited by the terms of the statutes to those cases in which no other remedy is available either at law or in equity. On the contrary, the Code authorized courts of record to declare rights, status, and other legal relations whether or not further relief is or could be claimed; and the Ohio Rules of Civil Procedure also provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. Accordingly, it is now settled in Ohio that an action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of a sound discretion, finds that the action is within the spirit of the Declaratory Judgments

Act, that a real controversy between adverse parties exists which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. However, since the principal object of the statutes is to supply a remedy where none existed, it was clearly not the intention of the legislature to require courts to afford a remedy under the new procedure in all cases where sought, in preference to well-known and long-established procedure of the Ohio courts. In other words, the remedy by action for declaratory judgment is not alternative to existing remedies in the sense that a plaintiff may elect to proceed by action for declaratory judgment where there is an older and established remedy which is full, complete, and adequate to accomplish what the plaintiff desires; and in the exercise of its discretion, the court may refuse a declaratory judgment when it deems that rights may be fully protected through other available remedies.

"While it is true that the jurisdiction to grant a declaratory judgment is not limited by the terms of the statutes to those cases in which no remedy is available either at law or in equity, nevertheless an action seeking a declaratory judgment should not be maintained in a case where the petition alleges the necessary facts and the prayer thereof calls for ultimate and effectual relief; and where the allegations of such a petition are sustained by the proof, a decree should be entered granting the ultimate relief prayed for. Furthermore, courts will ordinarily refuse to entertain an action for a declaratory judgment as to questions which are determinable in a pending action between the same parties."

In the same volume at page 600, Section 17, the following is stated:

"The general rule is that courts will refuse to entertain an action for a declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties. It has been stated that it would be an abuse of discretion to entertain an action for a declaratory judgment, where the questions upon which the declaration is sought involve disputed facts which are in

issue in a pending action wherein they would again be the subject of judicial investigation and where such declaratory judgment would possibly result in injustice to the party who had brought such prior action. A declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action.''

The court having reviewed the matter is of the opinion that relative to the Bureau of Motor Vehicles the present action for declaratory judgment is not indicated. The previous appeal having become final as provided for by statute, the same cannot now be attacked collaterally by this present action.

The court, therefore, is of the opinion that the motion to dismiss filed by the Bureau of Motor Vehicles pursuant to Rule 12 (B) (6) of the Rules of Civil Procedure for failure to state a claim is well taken and the same will be sustained in the action as to the Bureau of Motor Vehicles and hereby dismissed.

Relative to the motion to dismiss filed by the defendant, Sharon Wood, the court is of the opinion that the action for decaratory judgment should be denied. This is true in view of the fact that this would subject the defendant Sharon Wood to two lawsuits, one as to the matter of liability and the second as to the matter of damages. Although the plaintiff states in her memorandum that she would agree as to the measure of damages represented by the repair work, there is no such agreement as to the defendant, Sharon Wood. The court further is of the opinion that this action for declaratory judgment as to Sharon Wood should not be entertained for the reason that during a previous hearing the court was informed that the damages sustained by Sharon Wood had been paid by an insurance company and that this, of course, should be in the nature of subrogation with the insurance company being the real party in interest. The present action is against Sharon Wood who has assigned her interest to the insurance company. The insurance company being the real party in interest and not being a party to this action also is additional basis for the present action for declaratory judgment as to Sharon Wood being denied.

The court, therefore, will sustain both motions to dismiss filed by the Bureau of Motor Vehicles and by Sharon Wood in this case and will not grant declaratory relief to the plaintiff.

Counsel for the Bureau of Motor Vehicles as well as counsel for the defendant, Sharon Wood, should prepare appropriate entries consistent with the above ruling of the court.

*Motions to dismiss sustained.*