## Tenney v.
## Nationwide Mutual Fire Insurance Co.
### [Cite as 6 AOA 341]

Case No. 89-L-14-079
Lake County, (11th)
Decided August 31, 1990

Donald Cybulski, 910 Leader Building, Cleveland, Ohio 44114, for Plaintiffs-Appellees.

James S. Waites, Pro Se, 2908 Antioch Road, Perry, Ohio 44081, for Defendant-Appellee.

Richard L. Collins, Jr., 100 Society National Bank Building, Painesville, Ohio 44077, for Defendant-Appellant.

COX, J.

Paul and Elizabeth Tenney are the parents of Darlene and Amanda Tenney. In October 1987, Paul Tenney, on behalf of himself and Darlene, initiated a declaratory judgment action in the Lake County Court of Common Pleas against appellee, James Waites, and appellant, the Nationwide Mutual Fire Insurance Company. Both Elizabeth and Amanda were also named as individual plaintiffs in the action. The Tenneys are also appellees in this appeal.

The Tenneys' complaint contained the following allegations:

(1) that appellant had issued to Waites and his wife a homeowner's insurance policy, which had been in effect at all relevant times since 1977;

(2) that Waites had engaged in sexual misconduct with Darlene and Amanda while each girl was a minor; and,

(3) that each of the Tenneys had suffered damages as a result of Waites' tortious misconduct. The Tenneys sought an order declaring that Waites' conduct was covered under the policy."

Appellant and Waites filed separate answers to the complaint and also asserted opposing cross-claims against each other. In their answers, both admitted the existence of the insurance policy. In its cross-claim, appellant (Nationwide) sought an order declaring that it did not have the duty under the policy to represent Waites in a separate civil action the Tenneys had initiated and that it would not be obligated to indemnify Waites for any judgment rendered against him. Waites' cross-claim essentially concerned the cancellation of the policy.

Two months following the filing of his answer, Waites, representing himself, moved for summary judgment against the Tenneys. This motion was denied. Eight days after the trial court's judgment on Waites' motion, the Tenneys filed their own motion for summary judgment. The Tenneys, argued that Waites' alleged actions constituted negligent misconduct, which would be covered under the insurance policy. Specifically, the Tenneys maintained that although his acts were intentional, Waites had not intended to injure the girls.

In response, both appellant and Waites filed counter motions for summary judgment against the Tenneys. Waites' motion merely raised the same argument as had been rejected in his motion. In its motion, appellant presented two arguments: (1) that the Tenneys lacked standing to bring a declaratory judgment suit concerning policy; and, (2) that Waites' actions constituted intentional acts which were not covered under the policy.

A copy of the policy in question was attached to appellant's motion. The policy provided that the insured would be covered against loss from damages for negligent, personal acts. The policy also contained an exclusion stating that appellant would not be liable for any damage "caused intentionally by or at the direction of an Insured ***."

In the same motion, appellant also moved for summary judgment against Waites on its cross-claim. Besides referring to the second argument noted above, appellant also noted that Waites had averred in his pleadings that the policy was not applicable in this case.

After the Tenneys had responded to appellant's motion, the trial court held that the Tenneys, as injured persons, could not maintain a declaratory judgment action against the tortfeasor's insurance company until they had obtained a judgment against the tort-feasor. Accordingly, the Tenney's complaint was dismissed. In addition, the trial court also found that the

remaining motions were rendered moot as a result of this judgment.

The Tenneys then filed a timely notice of appeal from this judgment. See Lake App. No. 89-L-14-048.

Approximately one month after this judgment had been entered, the trial court issued a second judgment, addressing appellant's motion for summary judgment on its cross-claim. In this entry, the court found that the complaint the Tenneys had filed in their separate action against Waites contained allegations which arguably stated a claim that would fall within the coverage of the policy. Accordingly, the court held that appellant had a duty to represent Waites in the separate suit.

In addition, the entry also stated that the court's determination of whether appellant would be obligated to indemnify appellee would be delayed until after the separate tort action had been decided. Lastly, the court also found that there was no just cause for delay. It is from this judgment that this appeal arises.

On appeal to this court, appellant has presented the following assignments of error:

"1. The trial court erred by holding that determination of the issue regarding insurance coverage and appellant's obligation to pay any judgment rendered in the underlying tort action was premature and that only the outcome of said underlying tort action, not the declaratory judgment action, could resolve that issue.

"2. The trial court erred by holding that appellant has a duty to defend Waites against the claims of sexual assault and misconduct as alleged in the underlying action brought by appellees against Waites."

Under its first assignment, appellant contends that the trial court erred in postponing its decision on the indemnity issue. Appellant submits that the court should have determined the issue immediately because it had before it sufficient evidence to render a judgment on this particular question at this time. In support of this argument, appellant cites the first paragraph of the syllabus in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St. 3d 108:

"An insurer may maintain a declaratory judgment action under R.C. Chapter 2721 for purposes of establishing its rights and obligations under a contract of insurance. The insurer, if proceeding in good faith, is entitled to bring such an action for purposes of adjudicating its duty to defend and/or indemnify its insured in a

tort action brought by a third party, even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance. *** " (Citations omitted.)

In reaching this holding, the Supreme Court specifically overruled prior precedent which held that such a declaratory judgment claim did not present a justiciable controversy and could be dismissed for failure to state a proper claim for relief. See *Transamerica Ins. Co. v. Taylor* (1986), 28 Ohio St. 3d 312. This precedent was based upon the logic that the declaratory judgment action was "premature" when the underlying tort complaint stated a claim which fell within the coverage of the policy.

In overruling *Taylor*, the *Gill* court emphasized that this precedent conflicted with the basic purpose of the declaratory judgment statutes, in that it denied a party to a contract the opportunity to have a judicial interpretation of the agreement. In regards to the duty to defend, the court stated that "*** it is illogical and unfair to require the insurer to relinquish its statutory right to a preliminary declaratory judgment action and defend the insured regardless of the actual facts." *Gill, supra,* at 112.

In interpreting the declaratory judgment statutes, though, the Supreme Court has also consistently held that the decision to hear and decide a declaratory judgment action is a matter within the sound discretion of the trial court. *Schaefer v. First National Bank of Findlay* (1938), 134 Ohio St. 511; *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St. 2d 35. This holding is apparently based upon the principle that a declaratory judgment is a special remedy which is only to be granted under certain circumstances. See *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App. 3d 183, 186, citing *Herrick v. Kosydar* (1975), 44 Ohio St. 2d 128.

Nothing in the language of the *Gill* decision would appear to imply that the principle of judicial discretion is not applicable to the situation in this case. The *Gill* court merely stated that the insurer may maintain the action. Thus, in some circumstances, the trial court could properly decline from ruling upon the issues raised by the insurer in the declaratory judgment action.

In this case, the question which required the trial court's immediate attention concerned whether appellant had the duty to defend Waites in the underlying tort action. Once this issue was settled in Waites's favor, the need for a speedy

resolution of the indemnity question essentially disappeared.

Moreover, requiring the trial court to immediately settle the indemnity question would force the parties, in most circumstances, to litigate the question of the tort-feasor's state of mind separately from the remainder of the underlying tort action. In cases where the evidence on that point appears to be conflicting, the declaratory judgment court could justifiably decide to defer to the tort court.

In this case, appellant has failed to show that the trial court abused its discretion in postponing its decision on the indemnity issue; thus, the first assignment of error is without merit.

Under its second assignment, appellant asserts that the trial court erred in holding that it had the duty to defend Waites in the underlying tort action. In ruling upon this particular point, the trial court found that the Tenneys' complaint in the tort action arguably stated a claim that was within the coverage of the policy. Again citing *Gill, supra,* appellant argues that the trial court should also have considered evidence attached to its motion for summary judgment.

In *Gill,* the court held that a trial court can consider more than the allegations contained in the underlying tort complaint in determining whether the insurer had to defend the insured. However, in reaching that holding, the court distinguished its decision from that in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177. In that case, the policy in question stated that the insurer had to defend even if the allegations of the tort suit were groundless, false or fraudulent. Under those circumstances, the insurer had to defend if the complaint arguably or potentially stated a claim which would fall within the coverage of the policy.

The policy in *Gill,* though, stated that the duty to defend only applied when the coverage of the policy applied. The court held that other evidence could be considered in that instance.

In this case, the policy in question contains language similar to that in the *Willoughby Hills* policy:

"With respect to such insurance as is afforded by this policy for Bodily Injury and Property Damage liability, Nationwide *** shall:

"1. Defend with counsel of its choice any suit against an Insured alleging property damage, bodily injury, illness, death and seeking damages therefor. Such suit shall be defended even if groundless, false or fraudulent. *** "

Thus, pursuant to the *Gill* decision, the trial court could base its decision solely on the allegations contained in the complaint.

Moreover, the Tenneys' complaint, a copy of which was attached to appellant's motion for summary judgment, contained the following allegation:

"5. All acts of Defendant were done willfully, wantonly, intentionally or were the result of a mental impairment from which he was suffering which caused such acts to be committed unintentionally, but negligently."

Given this language, the trial court could find that the Tenneys had stated a claim which complied with the *Willoughby Hills* standard. Thus, the trial court did not err in ordering appellant to defend Waites in the tort action.

*The judgment of the trial court is affirmed.*

CHRISTLEY, P.J., FORD, J., concur.