This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Third-Party Plaintiff-Appellant, The Cincinnati Casualty Company/The Cincinnati Insurance Companies (hereinafter "Cincinnati"), appeals the trial court's decision granting Third-Party Defendants-Appellees, Landstar Inway fka Prism Trucking (hereinafter "Prism") and James Kuhns (hereinafter "Kuhns"), Civ.R. 12(B)(6) motion to dismiss. For the following reasons, we conclude Cincinnati's complaint did state a claim for subrogation and reverse the trial court's decision in part and remand for further proceedings.
On February 12, 1997, Plaintiffs-Appellees, Robert and Judy Essad (hereinafter "Essads"), were involved in a traffic accident with Kuhns in Mercer County, Pennsylvania. Kuhns was driving the truck of his employer, Prism, at the time of the accident. Another self-insured party was also involved in the accident and thereafter filed bankruptcy. On December 12, 1998, the Essads filed suit in the United States District Court for the Western District of Pennsylvania against Kuhns, Prism, and the other party for personal injury damages arising out of the accident. The Essads then filed a complaint against Cincinnati on December 14, 1998, seeking declaratory judgment that the Essads were entitled to uninsured motorist benefits under their policy with Cincinnati. On January 20, 1999, Cincinnati filed a third-party complaint against Prism and Kuhns seeking a declaratory judgment stating Cincinnati had rights of indemnification, contribution, and subrogation against Prism and Kuhns. Prism and Kuhns filed a Civ.R. 12(B)(6) motion to dismiss the third-party complaint on November 16, 1999, which was granted on December 14, 1999.
Cincinnati's sole assignment of error is as follows:
 "The trial court erred in granting the Third-Party Defendants'-Appellees' motion to dismiss."
Because we find Cincinnati's complaint did state a claim for subrogation, we reverse the trial court's decision in part and remand for further proceedings.
Cincinnati asserts the trial court improperly dismissed its third-party claims against Prism and Kuhns because, as the Essads' insurer, Cincinnati is entitled to pursue any and all claims the Essads may have had against Prism and Kuhns. The trial court dismissed Cincinnati's third party complaint for failure to state a claim pursuant to Civ.R. 12(B)(6).
Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party can prove no set of facts entitling him to the requested relief. State ex rel. Woods v. Oak HillCommunity Med. Ctr. (2001), 91 Ohio St.3d 459, 461, 746 N.E.2d 1108,1111. This court's review of a ruling on a motion to dismiss for failure to state a claim presents a question of law and is, therefore, a de novo
review. Schiavoni v. Steel City Corp. (1999), 133 Ohio App.3d 314, 317,727 N.E.2d 967, 969.
In order to obtain declaratory relief, a plaintiff must establish (1) a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the rights of the parties. Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261, paragraph one of the syllabus; Haig v. Ohio State Bd. of Edn. (1992), 62 Ohio St.3d 507, 511,584 N.E.2d 704, 708.
 "There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy. Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 574 N.E.2d 533, citing Burger Brewing[, supra]." Halley v. Ohio Co. (1995), 107 Ohio App.3d 518, 524, 669 N.E.2d 70, 74.
"[A] real, justiciable controversy is a `genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Thomas v. Cleveland
(2000), 140 Ohio App.3d 136, 142, 746 N.E.2d 1130, 1134, quoting Wagnerv. Cleveland (1988), 62 Ohio App.3d 8, 13, 574 N.E.2d 533, 537. A declaratory judgment action cannot be used to obtain a judgment which is advisory in nature or which is based on an abstract question or a hypothetical statement of facts. Bilyeu v. Motorists Mut. Ins. Co. (1973), 36 Ohio St.2d 35, 37, 65 O.O.2d 179, 180, 303 N.E.2d 871,872-873. In this case, declaratory judgment is appropriate.
In its complaint, Cincinnati asserts it should be able to recover from Landstar and Kuhns under three different theories: contribution, indemnification and subrogation. As these concepts are all distinctly different concepts, we will address each separately.
Contribution is only available between tortfeasors. R.C. 2307.31-2307.34. As there is no indication in the pleadings that either Cincinnati or the Essads are joint tortfeasors with Prism and Kuhns, Cincinnati could not recover from either Prism or Kuhns under a theory of contribution. Therefore, there is no justiciable controversy between the parties and the trial court's dismissal of Cincinnati's contribution claim for failure to state a claim was proper.
On the issue of indemnification, Cincinnati is asking the court for a declaratory judgment that, should the Essads recover a judgment against Cincinnati, Cincinnati is entitled to indemnification from Prism and Kuhns to the extent of any such judgment. "Indemnity arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." Worth v. Aetna Cas. Sur. Co. (1987),32 Ohio St.3d 238, 240, 513 N.E.2d 253, 256.
 "Implied indemnification is appropriate when a party is secondarily liable and passively negligent. Secondary liability arises in situations where, like vicarious liability, a relationship exists between tortfeasors such that one tortfeasor may be held liable for the other's actions." (Citations omitted) Whitney v. Horrigan (1996), 112 Ohio App.3d 511, 515, 679 N.E.2d 315, 317; see also Reynolds v. Physicians Ins. Co. of Ohio (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30, 31-32.
No express contract existed between Cincinnati and either Prism or Kuhns. Further, Cincinnati was not a tortfeasor in such a relationship that Prism and/or Kuhns should indemnify Cincinnati. Therefore, there was no justiciable issue between the parties and it was proper for the trial court to dismiss Cincinnati's claim for indemnification against Prism and Kuhns.
The only claim left upon which Cincinnati could state a claim against Prism and Kuhns is for subrogation. "The legal doctrine of subrogation has long been recognized as an insurer's derivative right." Bogan v.Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, 29, 521 N.E.2d 447,454, overruled in part on other grounds McDonald v. Republic-FranklinIns. Co. (1989), 45 Ohio St.3d 27, 543 N.E.2d 456. Under Ohio law, in addition to the terms of its policy, an insurer's subrogation right is based upon the specific statutory expression of the General Assembly in R.C. 3937.18(E). Id. at 30-31, 460-461. Pursuant to R.C. 3937.18(E), an insurer can enforce its subrogation right only after the insured recovers a complete damages award from the tortfeasor. Davis v. Nicastro (Sept. 1, 1999), Mahoning App. No. 97 CA 255, unreported at 2.
The Appellees assert "the issue of subrogation is not ripe." This may very well be true. As the Ohio Supreme Court stated in Bilyeu, supra, declaratory judgment actions are inappropriate when the party asks the court for its opinion on a hypothetical state of facts. Id. at 37, 65 O.O.2d at 180, 303 N.E.2d at 873. However, this argument ignores the fact that the motion before the court was a motion to dismiss for failure to state a claim, not, as in Bilyeu, a motion for summary judgment to decide the issues on their merits.
Cincinnati's third party complaint states Prism and Kuhn's negligence caused Cincinnati to pay the Essads a sum of money pursuant to an uninsured motorist claim made under an insurance contract. Cincinnati's third-party complaint is silent as to whether the Essads have recovered a complete damages award from Prism and Kuhns. Presuming all factual allegations of the complaint as true and making all reasonable inferences in favor of the nonmoving party, Cincinnati may be able to prove the set of facts which could warrant relief. Cincinnati's complaint does not appear to ask the court for an advisory opinion on a hypothetical set of facts. Therefore, it was error for the trial court to dismiss Cincinnati's subrogation claim for failing to state a claim.
For the foregoing reasons, Cincinnati's assignment of error is meritorious. The judgment of the trial court is reversed in part and this cause is remanded for further proceedings.
Vukovich, P.J., concurs.
Waite, J., concurs.