OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, John Hasman, in his capacity as the Parkman Township Zoning Inspector, appeals from a final judgment of the Geauga County Court of Common Pleas denying his complaint for declaratory judgment and granting appellees, Genesis Outdoor, Inc. ("Genesis"), Jesse J. Goodwin, Sr., and Margaret Goodwin, declaratory relief.
 {¶ 2} The record shows that on May 29, 2000, Genesis filed an application with Parkman Township ("the township") for a zoning certificate to construct a 14' x 48' billboard on property owned by the Goodwins. After receiving Genesis's application, appellant denied the request. In doing so, appellant found that although the property in question was located in a commercially zoned district, the township zoning resolutions, specifically 702.0(6), prohibited "billboard or off-premises advertising."[1]
 {¶ 3} Following appellant's denial of the zoning certificate, Genesis filed a notice of appeal with the Parkman Township Board of Zoning Appeals ("the board") asking for a use variance. In its notice of appeal, Genesis submitted that the township resolution prohibiting billboard or off-premises advertising was unconstitutional because it conflicted with R.C. 519.20, which provides that "[f]or the purposes of sections 519.02 to 519.25, inclusive, of the Revised Code, outdoor advertising shall be classified as a business use and be permitted in all districts zoned for industry, business, or trade, or lands used for agricultural purposes." The board held a hearing on July 18, 2000, to consider Genesis's appeal. At the conclusion of the hearing, the board granted the company the requested variance.
 {¶ 4} However, on November 22, 2000, appellant filed a complaint for declaratory judgment and injunctive relief in the Geauga County Court of Common Pleas. In his complaint, appellant alleged that although the board had granted Genesis the use variance, the company had subsequently built a billboard that did not conform to the original request. Specifically, appellant maintained that Genesis ultimately constructed a "stacked" sign consisting of two 10.5' x 22' double-sided billboards instead of the 14' x 48' billboard described both in Genesis's application for a zoning certificate and its notice of appeal to the board. Accordingly, appellant asked the trial court to permanently enjoin Genesis from erecting the sign.
 {¶ 5} Genesis responded by filing an answer that included a counterclaim and a third-party complaint. The company asked the trial court to declare the township zoning resolution prohibiting billboards and other off-premises advertising unconstitutional on its face and in conflict with R.C. 519.20. Genesis also requested that the trial court enjoin appellant and the township from enforcing Article Seven of the township zoning resolutions and issue the company any further necessary permits.
 {¶ 6} The trial court conducted a bench trial on January 7, 2002.[2]
On February 21, 2002, the trial court issued a written judgment in which the court concluded that section 702.0(6) of the township zoning resolutions conflicted with R.C. 519.20 and, as a result, the resolution was unconstitutional. Based on this determination, the trial court ordered the township to create a constitutionally valid framework allowing outdoor advertising. The trial court also prohibited any other party from using similar outdoor advertising until the township had the opportunity to establish new regulations. However, the trial court exempted Genesis from this latter order, holding that "the township may not prevent or regulate the billboards sued upon herein."
 {¶ 7} From this decision, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court erred in denying his request for an injunction because, although the board had granted Genesis a use variance, the company was still required to comply with other relevant zoning resolutions. In particular, appellant submits that any billboard subsequently built by Genesis had to conform to the requirements set forth in sections 706.0(A)(2) and 709.0(B) of the township zoning resolutions governing what the township classified as ground signs.[3]
 {¶ 8} Before addressing the merits of appellant's position, we note that he does not challenge the trial court's judgment with respect to the constitutionality of section 702.0(6) of the township zoning resolutions. Accordingly, this court will only consider whether the trial court properly granted appellees declaratory relief while at the same time denying appellant's similar request.
 {¶ 9} Also, there is some confusion as to the type of action this case presents. Despite what appellant argues, this is not an appeal from a decision of an administrative agency, which would limit our review to questions of law. See, generally, R.C. Chapter 2506.[4] Rather, the case before us is simply an appeal from a trial court decision granting and denying the declaratory relief sought by the parties. As a result, we will not disturb the trial court's judgment unless the court abused its discretion. Bilyeu v. Motorists Mut. Ins. Co. (1973), 36 Ohio St.2d 35, syllabus; Indiana Ins. Co. v. M.D.O. Homes, Inc. (Dec. 7, 2001), 11th Dist. No. 2000-L-167, 2001 WL 1561063, at 2. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} After carefully considering the record, we conclude that the trial court did not abuse its discretion. Prior to the trial court's judgment, the township's zoning resolutions clearly prohibited all billboard and off-premises advertising. As we noted earlier, although appellant accepts that this sweeping prohibition was unconstitutional, he now submits that any billboard Genesis ultimately constructed had to comply with other zoning resolutions. In making this determination, appellant has classified the billboard in question as a ground sign, which the township has defined as "a sign supported by one (1) or more uprights, poles, braces, or a permanent foundation and which is entirely independent of any building for support."
 {¶ 11} Classifying Genesis's billboard as a ground sign is merely another attempt to prevent the company from constructing a billboard within the township's jurisdiction. The township zoning resolutions at issue clearly treat billboards and ground signs differently; i.e., one is entirely prohibited while the other one is simply restricted in size. There is absolutely no evidence in the record to suggest that the drafters of the township zoning resolutions ever contemplated extending the restrictions placed on the construction of ground signs to billboards. More to the point, because billboards were previously prohibited, there is no logical reason to assume that billboards and ground signs were, nevertheless, interchangeable, or that the restrictions applicable to one would also be applicable to the other.
 {¶ 12} That being said, we do not dispute appellant's argument that a township can validly regulate the construction of billboards or other off-premises advertising. However, the power to regulate does not authorize a township to arbitrarily apply its zoning resolutions in an attempt to limit or otherwise interfere with a permissible use of property, i.e., a use allowed under R.C. 519.20. See BP Oil Co. v. DaytonBd. of Zoning Appeals (1996), 109 Ohio App.3d 423, 432 (holding that the "authority to regulate uses of land cannot be extended to include the authority to restrict uses not clearly proscribed in the ordinance."). Furthermore, "[a]mbiguities in zoning provisions which restrict the use of one's land must be construed against the zoning resolution because the enforcement of such provisions is an exercise [of] police power that constricts property rights." Id. See, also, Akwen, LTD. v. RavennaZoning Bd. of Appeals (Mar. 29, 2002), 11th Dist. No. 2001-P-0029, 2002 WL 480041, at 2.
 {¶ 13} Accordingly, we conclude that the trial court did not abuse its discretion in either denying appellant's complaint for a declaratory judgment, or in granting appellees' counterclaim for declaratory relief. Appellant's sole assignment of error, therefore, is not well taken. The judgment of the trial court is affirmed.
DONALD R. FORD, J., concurs.
[1] Section 700.0(A)(1) of the township zoning resolutions defines "billboard or off-premises advertising" as "a sign which is not located on the premises of the use to which the subject matter on such sign is related."
[2] During the trial, Thomas Cregan, Genesis' part-owner and general manager, testified that there were three standard billboard sizes used throughout the country: (1) 14' x 45'; (2) 12' x 25'; and (3) 10.5' by 22'.
[3] These sections state that ground signs may have only one hundred square feet of surface area, and that such signs can not exceed a maximum height of ten feet.
[4] Because this is not an appeal from an administrative action, there is no need to address the question of whether the parties exhausted all available administrative remedies.