OPINION
{¶ 1} Plaintiff-appellants, Todd M. Miller, Roger L. Miller, and Phyllis A. Miller, appeal a decision of the Preble County Court of Common Pleas in this zoning appeal case.
 {¶ 2} The real estate at issue (the "subject property") is approximately 132 acres in Twin Township in rural Preble County that was purchased by Roger Miller's father in 1937. Roger and Phyllis Miller received the property from Roger's mother's trust at her death in *Page 2 
1998. Todd Miller is their agent.
 {¶ 3} The subject property is zoned as an agricultural district but is not suitable for agricultural production. There are contours, slopes, ravines, and drainage courses on the property. The property is heavily wooded. Expert testimony at trial indicated that the subject property does not have prime soil. Although parts of the subject property have been used for pasturing in the past, the property is not currently suitable for such use.
 {¶ 4} Under the agricultural zoning classification, a single family residence may be built on a lot of at least forty acres as long as it meets certain access and frontage requirements. As such, the record indicates that the subject property could be subdivided into two or three parcels and sold. Instead, in July of 2002, appellants applied for a zoning amendment to rezone the subject property to a restricted rural residential district. Their plan proposed 41 single family lots for estate type homes ranging in size from 2.5 to nearly 5 acres with a landscape buffer of 50 feet separating the area from surrounding agricultural areas. There are currently approximately 30 restricted rural residential sites located in Twin Township, but none of the sites approach the size of the proposed development. Appellee, the Preble County Board of County Commissioners, denied the rezoning request. Appellants thereafter commenced a declaratory judgment action in the Preble County Court of Common Pleas seeking declarations that the current zoning classification is unconstitutional or constitutes a taking, and that the proposed use was reasonable and proper. The trial court found that the current zoning classification is constitutional and does not constitute a taking. From this decision, appellants appeal, raising the following assignments of error:
 {¶ 5} Appellant's first assignment of error states:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS AS A MATTER OF LAW IN RULING THAT THE `A' AGRICULTURAL DISTRICT ZONING SUBSTANTIALLY ADVANCES A LEGITIMATE PUBLIC PURPOSE *Page 3 
WHEN THE PURPOSE CLAUSE OF THE `A' AGRICULTURAL DISTRICT REGULATIONS DOES NOT APPLY TO THE PHYSICAL CONDITIONS OF THE SUBJECT PROPERTY."
 {¶ 7} Appellant's second assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS AS A MATTER OF LAW IN RULING THAT THE `A AGRICULTURAL DISTRICT ZONING ALLOWS THE ECONOMICALLY FEASIBLE USE OF THE SUBJECT PROPERTY BECAUSE THE PROPERTY HAS SOME VALUE AS ZONED."
 {¶ 9} Appellant's third assignment of error states:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS AS A MATTER OF LAW IN RULING THAT THE PROPOSED USE OF THE SUBJECT PROPERTY UNDER THE `RR' RESTRICTED RURAL RESIDENTIAL ZONING BEARS A REASONABLE RELATIONSHIP TO THE PRESERVATION OF PUBLIC HEALTH, SAFETY, MORALS, OR GENERAL WELFARE."
 {¶ 11} Each of appellants' assignments of error argues that the trial court erred when it determined that the zoning restriction was constitutional. For ease of discussion, we address all three assignments of error together.
 {¶ 12} To the extent that appellants argue that the trial court erred in refusing to grant appellants' request for declaratory judgment, this court's review of the trial court's decision is limited to whether the decision is reasonable. Bilyeu v. Motorists Mut. Ins. Co. (1973), 36 Ohio St.2d 35, 37. "It is a general rule that the granting of declaratory relief is a matter for judicial discretion." Id., citingAetna Life Ins. Co. v. Haworth (1937), 300 U.S. 227, 57 S.Ct. 461. To the extent that appellants argue that the trial court's decision regarding the constitutionality of the ordinance is against the manifest weight of the evidence, this court must affirm the decision if it is "supported by competent credible evidence going to all the material elements of the case[.]" Cent. Motors Corp. v. Pepper Pike,73 Ohio St.3d 581, 584, *Page 4 1995-Ohio-289; see State ex rel. The Ridge Club v. AmberleyVillage, Hamilton App. No. C-070012, 2007-Ohio-6089, ¶ 8.
 {¶ 13} Zoning ordinances are presumed to be constitutional.Goldberg Cos., Inc. v. Richmond Hts. City Council, 81 Ohio St.3d 207,209, 1998-Ohio-207. In order to prevail on a challenge to constitutionality, the challenger "must prove unconstitutionality beyond fair debate." Id. A landowner may challenge a zoning ordinance as unconstitutional either on its face or as applied. Jaylin Investments,Inc. v. Moreland Hills, 107 Ohio St.3d 339, 2006-Ohio-4, ¶ 11. A "landowner may also allege that the ordinance so interferes with the use of the property that, in effect, it constitutes a taking of the property." Id. at ¶ 12.
 {¶ 14} A zoning ordinance "is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." Goldberg at syllabus. "In a facial challenge to a zoning ordinance, the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances." Jaylin at ¶ 11. A facial challenge is decided without regard to extrinsic facts. Union Twp. Bd. of Trustees v. Old 74Corp. (2000), 137 Ohio App.3d 289, 295. In an "as-applied" challenge, "the landowner questions the validity of the ordinance only as it applies to a particular parcel of property. If the ordinance is unconstitutional as applied under those limited circumstances, it nevertheless will continue to be enforced in all other instances."Jaylin at ¶ 11-12.
 {¶ 15} Appellants' first and third assignments of error challenge the trial court's finding that the zoning resolution is constitutional on its face or as applied. With respect to the facial challenge to the zoning restriction, the trial court determined that appellants did not show beyond fair debate that the zoning restriction is clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare. Preble County's *Page 5 
Comprehensive Land Use Plan identifies several major concerns for the county with regard to "sprawl," or "scattered non-farm development." These concerns include loss of prime farmland and loss of rural character. The trial court found that the purposes of the comprehensive land use plan included protecting prime agricultural farmland as well as protecting agriculture from encroaching residential uses or uses that are not compatible with farming. The court determined that the comprehensive land use plan was related to the health, safety, morals, or general welfare of the community. The court found that the agricultural zoning classification was consistent with the county's comprehensive land use plan and was therefore not arbitrary or capricious. As such, the trial court's decision is supported by competent credible evidence going to all the elements of the claim that the zoning resolution is unconstitutional on its face. The decision is not against the manifest weight of the evidence. Furthermore, appellants failed to carry their burden of persuasion. Because there is a presumption of constitutionality, appellants had the burden to prove beyond fair debate the unconstitutionality of the zoning classification. They failed to present evidence to show that placing restrictions on residential development in a primarily agricultural area is arbitrary or unreasonable and unrelated to the health, safety, morals, or general welfare of the community. As such, we find that the trial court's decision is not unreasonable. The court did not err in determining that the zoning resolution is constitutional on its face and refusing to grant declaratory judgment in appellants' favor.
 {¶ 16} The trial court determined that the zoning resolution also was constitutional as applied to appellants' property. An "as-applied" constitutional challenge "focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property." Jaylin at ¶ 18. In deciding appellants' as-applied constitutional challenge, the trial court was required to determine whether appellants had met their burden to prove beyond fair *Page 6 
debate that the zoning resolution was arbitrary and unreasonable, and lacked a substantial relation to the general welfare of the community, as it applied to appellant's property.
 {¶ 17} Appellants argue that the zoning restriction is unconstitutional as applied because the evidence clearly indicates that appellants' property is not suitable for traditional agricultural production. However, the trial court determined that protecting surrounding property suitable for agricultural production from encroachment of residential uses or other uses that may not be compatible with farming is a legitimate government interest, and that the zoning classification was not arbitrary to that end. The court determined that the continued agricultural zoning classification of appellant's property was substantially related to the health, safety, morals, or general welfare of the community. We find that the trial court's decision is supported by competent credible evidence.
 {¶ 18} At trial, each party presented evidence supporting its position. Appellants had the burden to prove beyond fair debate that the zoning classification was unconstitutional as it applied to appellants' property by showing that the zoning classification was arbitrary or unreasonable or not substantially related to the health, safety, morals, or general welfare of the community. While appellants presented evidence to show that agricultural use is not the highest and best use of the property, appellants did not present evidence to show that protecting adjacent prime farmland from nonagricultural use is arbitrary or unreasonable or not substantially related to the health, safety, morals, or general welfare of the community. In denying declaratory relief, the trial court found that appellants had failed to meet their burden. Upon review of the evidence presented by each party, we do not find that the judge's decision was unreasonable.
 {¶ 19} Having found that the trial court did not err in determining that the zoning resolution is constitutional on its face and as applied, appellants' first and third assignments of error are overruled. *Page 7 
 {¶ 20} Even after determining a zoning classification to be constitutional, a court is permitted to find that the classification "nevertheless constitute[s] a taking as applied to a particular piece of property, entitling the landowner to compensation." Goldberg at 210. Appellants argue under their second assignment of error that the zoning classification constitutes an unconstitutional taking of their property for which they are entitled to compensation. In order to prove an unconstitutional taking, a landowner must show that the zoning "has infringed upon the landowner's rights to the point that there is no economically viable use of the land and, consequently, a taking has occurred for which he or she is entitled to compensation."Goldberg at 210; see also State ex rel. Shelly Materials, Inc. v. ClarkCty. Bd. of Commrs., 115 Ohio St.3d 337, 2007-Ohio-5022, ¶ 19; Lingle v.Chevron U.S.A. Inc. (2005), 544 U.S. 528, 544-45. A zoning regulation has denied all economically viable uses of land where the regulation so "restricts the use of the land as to render it valueless, the permitted uses are not economically feasible, or the regulation permits only uses which are highly improbable or practically impossible under the circumstances." Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Tp.Bd. of Zoning Appeals (1988), 38 Ohio St.3d 184, 186.
 {¶ 21} The trial court determined that the zoning restriction did not deny all economically viable uses of the land because the land has not been rendered valueless. Appellants' expert testified that the land has a value of approximately $450,000 under the current zoning classification because the land can be subdivided and sold as three separate parcels of greater than 40 acres. The court determined that the subdivision and sale of the larger parcels is economically feasible and is neither highly improbable nor practically impossible. Appellants argue that this determination was erroneous because the record reflects that all of the comparably-sized parcels sold in Preble County over the preceding two years that were considered by appellants' expert included tillable acreage or other agriculturally productive land. Appellants argue that their expert testified that the land's *Page 8 
unsuitability for agricultural production severely and negatively decreased the value of the subject property, and that their expert testified that it would be impossible to quantify the negative effect on the land's value as currently zoned. Appellants argue further that their expert testified that the market for property of the size of the proposed subdivided lots with no agricultural component is speculative, being at best very thin.
 {¶ 22} The difficulty with this case is that appellants' own expert witness offered confusing and contradictory testimony on the issue of valuation. The expert stated that there was a lack of comparable parcels because the subject parcel contains no agriculturally productive acreage and noted that the market for the property would be thin. However, the expert also reiterated multiple times that he believed his market value appraisal of $450,000 was accurate and correct under the current zoning. The trial court judge indicated in his decision that he had doubts regarding this value, but the value was presented by appellants' own expert. Appellants had the burden of proving that the remaining uses under the zoning restriction were economically infeasible, highly improbable, or practically impossible. In a situation where the only proposed use of the property is sale of undeveloped property for residential building, the economic feasibility of the project becomes synonymous with the value of the property. An appraisal takes into consideration the depth of the market, and therefore the appraisal encompasses the economic feasibility of the sale of the property. The evidence was undisputed that appellants would be able to sell the subdivided property at some price. The issue was simply what the price would be. Thus, the decision of the trial court is supported by competent and credible evidence going to each of the elements of the claim, and was not against the manifest weight of the evidence. Appellants did not meet their burden of showing that the zoning so diminished the value of the property as to constitute a taking. As such, we find that the trial court's decision to deny declaratory judgment is not unreasonable. Appellants' second assignment of error is overruled. *Page 9 
 {¶ 23} Judgment affirmed.
 BRESSLER, P.J. and WALSH, J., concur. *Page 1