{¶ 22} I agree with the majority's judgment and most of its opinion. I write separately to note my disagreement with its statement in Paragraph 7 that it is applying an abuse of discretion standard of review. *Page 10 
 {¶ 23} In both Mid-American Fire and Cas. Co. v. Heasley,113 Ohio St. 3d 133, 2007-Ohio-1248, and Bilyeu v. Motorists Mut. Ins. Co.,36 Ohio St. 2d 35 (1973), the Ohio Supreme Court reviewed a trial court's consideration of whether "a controversy is so contingent that declaratory relief does not lie" and determined that, on that issue, the standard of review is abuse of discretion. Heasley, 2007-Ohio-1248, at ¶ 12 (quoting Bilyeu, 36 Ohio St. 2d 35, at syllabus). Once a trial court determines that a request for declaratory relief should be entertained, it applies the law just as it does in any other case. It does not have discretion to determine whether to correctly apply the law. Ms. Daugherty's arguments in support of her first assignment of error are arguments that the trial court misapplied the law. Our standard of review for those questions of law is de novo. E.g.,Terry v. Bishop Homes of Copley, 9th Dist. No. 21244, 2003-Ohio-1468, at ¶ 11 ("When an appellate court is presented with purely legal questions . . . the standard of review to be applied is de novo."). In fact, it appears that, in practice, the majority has applied a de novo standard to Ms. Daugherty's arguments. *Page 1