[Cite as *State v. Woods*, 2021-Ohio-3173.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- v -

ANTHONY T. WOODS,

Defendant-Appellant.

CASE NO.  2021-L-044

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 000681

## O P I N I O N

Decided:
Judgment:

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}     Appellant, Anthony T. Woods, appeals his conviction after a plea of guilty, on one count of burglary. At issue is the constitutionality of the Reagan Tokes Act.  For the following reasons, we affirm.

{¶2}     Appellant was indicted and charged with four counts arising from a burglary in Willoughby, Ohio on July 25, 2020.  Pursuant to a plea agreement, three counts were dismissed and Appellant entered a guilty plea on one count of burglary, a felony of the

second degree, in violation of R.C. 2911.12 (A)(2). Thereafter, the matter was set for sentencing.

{¶3} Prior to sentencing, Appellant moved the trial court to declare the Reagan Tokes Act, as applicable to his sentencing, unconstitutional. The trial court denied the motion. Appellant was sentenced to a prison term of four to six years.

{¶4} Appellant raises five assignments of error, all of which challenge the constitutionality of the Reagan Tokes Sentencing Act.

{¶5} "[1.] The Defendant-Appellant's constitutional challenges to the indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, are ripe for review.

{¶6} [2.] The Defendant-Appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act is unconstitutionally void for vagueness.

{¶7} [3.] The Defendant-Appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.

{¶8} [4.] The Defendant-Appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates the constitutional right to trial by jury as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

Case No. 2021-L-044

{¶9} [5.] The Defendant-Appellant's indeterminate prison sentence of four to six years that was ordered pursuant to the 'Reagan Tokes Act,' AKA Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the fifth, sixth and fourteenth amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution."

{¶10} This court has previously described the Reagan Tokes act:

> The Reagan Tokes Act went into effect in Ohio on March 22, 2019. The Act requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). The Act also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections ("DRC") may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

*State v. Ferguson*, 11th Dist. Lake No. 2020-L-031, 2020-Ohio-5578, ¶ 8, *appeal accepted*, 162 Ohio St.3d 1410, 2021-Ohio-961, 165 N.E.3d 333.

{¶11} "To be justiciable, a claim must be ripe for review, and a claim is not ripe 'if it rests on contingent events that may never occur at all.'" *State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, 99 N.E.3d 362, ¶ 37, quoting *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-5752, 73 N.E.3d 463, ¶ 21.

3

Additionally, "the danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events and the threat to his position must be actual and genuine and not merely possible or remote." *In re Arnott*, 4th Dist. 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶ 17, quoting *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 65 O.O.2d 179, 303 N.E.2d 871, at syllabus.

{¶12}     Initially, we must address that Appellant relies solely on *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, in which the Eighth District Court of Appeals held that constitutional challenges presented by the Reagan Tokes Act are ripe for review.[1]  Yet, several districts, including this court, have conversely concluded that constitutional challenges to the Reagan Tokes Act are not ripe for review "because it is uncertain whether the offender's release date will extend past the minimum term of imprisonment imposed." *State v. Lavean,* 11th Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 8.  In *Lavean,* this court concluded that the proper channel to raise constitutional challenges to the Reagan Tokes Act is by a habeas corpus petition, assuming the offender is held longer than the minimum term sentenced. *Id.* at ¶ 11.

{¶13}     Similarly, here, the mere possibility that Appellant may be subjected to a longer prison term imposed by the Reagan Tokes Act is too remote and solely conditioned on the hypothetical occurrence of future events.  While it is possible that Appellant may be subjected to a longer prison sentence, it is equally possible that Appellant will only serve the minimum sentence of four years and the Reagan Tokes Act may not affect him. As stated above, the mere possibility that the event could happen is insufficient to claim

---

[1] This court acknowledges the issue of whether constitutional challenges presented by the Reagan Tokes Act are ripe for review is currently before the Ohio Supreme Court as a certified conflict case in *State v. Maddox*, 160 Ohio St. 3d 1505, 2020-Ohio-6913, 159 N.E. 3d 1150.

Case No. 2021-L-044

the argument is ripe. *In re Arnott*, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶ 17 (4th Dist.), quoting *Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-782, 2010-Ohio-416, 2010 WL 438138, ¶ 10.  Thus, the constitutional issues are not yet ripe for review.

{¶14}    Following the precedent of this court, we conclude that Appellant's first assignment of error, which argues that the constitutional issues presented by the Reagan Tokes Act are ripe for review, is without merit. Thus, Woods' assignments of error two through five, which make specific constitutional challenges to the legislation, will not be addressed as they are not yet ripe for review.

{¶15}    The judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

Case No. 2021-L-044