[Cite as *Koslowski v. Co-Moor Townhouse Idlewood S. Condominium #5 Assn. Inc.*, 2012-Ohio-3254.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97508**

## RUTH KOSLOWSKI

PLAINTIFF-APPELLEE

vs.

## CO-MOOR TOWNHOUSE IDLEWOOD SOUTH CONDOMINIUM #5 ASSOCIATION, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-699983

**BEFORE:** Celebrezze, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**ATTORNEYS FOR APPELLANT**

Joseph F. Salzgeber
Arthur E. Foth, Jr.
Foth & Foth Co., L.P.A.
11221 Pearl Road
Strongsville, Ohio   44136


**ATTORNEY FOR APPELLEE**

Leonard A. Spremulli
29325 Chagrin Boulevard
Suite 305
Pepper Pike, Ohio   44122

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Co-Moor Townhouse Idlewood South Condominium #5 Association, Inc. (the "Association"), brings the instant appeal to the trial court's order declaring the Association responsible to stabilize the concrete slab floor under the condominium unit of appellee, Ruth Koslowski. After a thorough review of the record and pertinent law, we affirm the trial court's decision.

## I. Factual and Procedural History

{¶2} Koslowski purchased a condominium unit from a private seller in Co-Moor Townhouse Idlewood South Condominium #5 in Strongsville, Ohio, in 2005. The property is part of a condominium association according to the deed record and the Declaration of Condominium Ownership ("Condo Declaration") contained within. Koslowski's unit is a single-story structure situated at the end of a common structure and is the only unit situated on the problematic concrete slab. The property disclosure form provided by the seller stated that the concrete slab the unit rests on had previously been repaired in 1994 after settling had occurred in the kitchen area. Koslowski's home inspection also noted this repair.

{¶3} After about a year, Koslowski noticed several cracks developing in the walls in the living room of her unit. She notified the Association of the issues and an inspection was done, but no other action was taken at that time. By 2008, the settling

problems had worsened, and several large cracks developed in various interior walls of the unit. Also, some doors would not close because the openings had shifted out of plumb. Koslowski notified the Association of these additional issues, but they denied responsibility for repairs.

{¶4} Koslowski and the Association had several more inspections performed, and the cause of the settling was discovered. Apparently, when the unit was constructed, the soil used as fill under the concrete slab contained a high percentage of organic material that was decomposing and causing settling of portions of the slab. The foundation of the unit was dug deeper than the problem soil, so the unit was not in any danger of collapse, but the sinking slab caused interior walls to shift and crack.

{¶5} Koslowski filed suit on July 29, 2009, against the Association for negligence and sought declaratory judgment. The Association denied responsibility for the repairs, citing the disclosure of the foundation issues in the residential property disclosure form and a provision in the Condo Declaration dealing with maintenance of limited common areas.

{¶6} On November 19, 2010, Koslowski dismissed her negligence claim, and with it her jury demand, and a bench trial began on the declaratory judgment action. On December 1, 2010, the trial court issued a lengthy and well-reasoned opinion finding that the Association was responsible for the repairs necessary to stabilize the slab. After some procedural irregularities, the trial court issued a corrected opinion on October 11,

2011, and the Association then filed the instant appeal raising two errors, which will be addressed out of order:

> I. The trial court erred by determining that the defendant condominium association was required to maintain, repair, and replace the slab floor of plaintiff's condominium unit property, where plaintiff was made aware of the deficiencies or defects in the slab floor before purchasing the condominium unit property and, thus, the doctrine of caveat emptor precluded the plaintiff-purchaser from requiring the condominium association to repair or replace the slab floor.
>
> II. The trial court erred by interpreting the terms of the recorded declaration of condominium ownership to require that the defendant condominium association maintain, repair or replace the slab floor of plaintiff's condominium unit.

## II. Law and Analysis

### A. Standard of Review

{¶7} The Association argues that as a matter of contract interpretation, this court should review the lower court's decision de novo. *Norris, L.L.C. v. Daney*, 8th Dist. No. 94437, 2010-Ohio-5140, ¶ 14. It has long been recognized that "[t]he granting or denying of declaratory relief is a matter for judicial discretion * * *." *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 303 N.E.2d 871 (1973), syllabus. This was reaffirmed in *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 14. More recently, this court applied that standard in a case involving the interpretation of a contract that included matters of formation and validity. *Dawson Ins., Inc. v. Freund*, 8th Dist. No. 94660, 2011-Ohio-1552, ¶ 19. However, the present issue before this court is solely resolved as a matter of contract interpretation, generally reviewed de novo as a question of law. *Blue Heron Nurseries, L.L.C. v. Funk,* 186

Ohio App.3d 769, 771, 2010-Ohio-876, 930 N.E.2d 824, 825, ¶ 5 (9th Dist.). "When reviewing a matter de novo, this court does not give deference to the trial court's decision." *Id.* at ¶ 5, citing *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 11 (9th Dist.).

## B.  Duty to Repair Supporting Structure

{¶8} Common areas are defined in Article VII of the Condo Declaration to include all parts of the condominium property except the units and further specifically include:

> (a) All structural parts of the building including, without limitation, foundations, columns, joists, beams, supports, supporting walls, floors, ceiling and roofs;
>
> * * *
>
> (e) All other parts of the condominium property necessary or convenient to its existence, maintenance and safety, or normally in common use, or which have been designated as common areas and facilities in the Drawings;
>
>  * * *
>
> (g) The limited common areas and facilities hereinafter described * * *.

{¶9} Article VIII of the Condo Declaration defines limited common areas as:

> (a) the yard or yards, entry and courtyard, patio, patio courtyard, and driveway, to which such unit has immediate access from within the boundaries of such unit, and
>
> (b) all other of the common areas and facilities as may be located within the boundaries of such unit which are intended for the exclusive service of the unit, the use and occupancy of which shall in each case be limited to such unit.

{¶10} Under Article VIII(2), a unit owner has a duty to maintain certain limited common areas, but that duty is limited to "the entry courtyard and patio courtyard which

are reserved for the use of [that] unit * * *," but leaves it to the Association to maintain the remainder of the limited common areas.

**{¶11}** Finally, Article XI of the Condo Declaration delineates responsibilities for care, maintenance, and repair of common areas. Section (3) states, "except as otherwise provided herein or in the rules, the management, maintenance, repair and replacement of the common areas and facilities shall be the responsibility of the association." Section (4) goes on to limit the Association's responsibility:

> (a) the association, at its expense, shall be responsible for the maintenance, repair and replacement of those portions of the common areas and facilities located within the boundaries of the   unit, excluding, however:
>
> (i) the interior surfaces of any walls, floors and ceilings; and
>
> (ii) other portions of the common areas and facilities within its boundaries the maintenance, repair or replacement of which may be the responsibility of a unit under any other provision of this Declaration.

**{¶12}** Section (4)(b) then sets forth a number of things a unit owner is responsible for, including: "(ii) to maintain, repair and replace at his expense such portions of any limited common areas and facilities licensed, granted or otherwise assigned to such owner, as the association shall from time to time determine * * *."

**{¶13}** The Association argues that the slab floor is not a part of the foundation, which it acknowledges it is responsible for. But, it is a supporting structure, something it is also responsible for under Article VII(a). The soil, the problem in this case, is not a limited common area or the responsibility of Koslowski to maintain or repair. Regarding the concrete slab, Section (b) of this article is arguably applicable, but it limits its scope to

those common areas within a unit. Koslowski's unit ends at the interior surface of the floor. Article VI defines a unit as "the space enclosed within the undecorated interior surfaces of its perimeter walls, floors and ceilings * * *." Therefore, all but the interior surface of the concrete slab is the responsibility of the Association.

{¶14} Koslowski's expert report indicates that "[r]eplacement of the slab alone will not resolve the problem since the problem lies within the supporting soil underneath. Replacement of the apparent soft, highly compressible soil under the slab is also necessary to provide adequate slab subgrade support."

{¶15} As the trial court correctly noted:

It is clear from the evidence that the soil under the slab must be replaced and the slab either repaired, re-supported, or replaced in order to prevent further damage to Mrs. Koslowski's unit. That is the responsibility of the Association. If the settling problem can be corrected and the slab repaired without replacing it, [Koslowski] may then be obliged to repair the interior surface of the floor.

{¶16} The trial court properly analyzed the Condo Declaration and arrived at the same conclusion as this court — that the Association is responsible to repair or replace the soil, and if they can do so without replacing the concrete slab, Koslowski may be required to patch the interior surface of the slab as a limited common area under the Condo Declaration. Koslowski's responsibility ends at the interior surface of the concrete slab.

{¶17} The Association's second assignment of error is overruled.

C. Duty to Repair and Caveat Emptor

**{¶18}** The Association claims that prior notice of foundation issues precludes Koslowski from obtaining declaratory judgment in this matter. This argument is wholly without merit.

**{¶19}** "A condominium owners' association has the statutory duty to repair and maintain the common areas on the condominium property." *Wolf v. S.W. Place Condominium Assn.,* 7th Dist. No. 01CA93, 2002-Ohio-5195, ¶ 13, citing R.C. 5311.04(F); R.C. 5311.14(A); *Behm v. Victory Lane Unit Owners' Assn., Inc.*, 133 Ohio App.3d 484, 487, 728 N.E.2d 1093 (1st. Dist.1999). The Condo Declaration that sets forth the rights and responsibilities of the Association and individual unit owners is a contract between the two. *Acacia on the Green Condominium Assn., Inc. v. Gottlieb*, 8th Dist. No. 92145, 2009-Ohio-4878, ¶ 20. Therefore, actions against a condominium association such as this could be both statutory and contractual in nature.

**{¶20}** Caveat emptor precludes recovery in an action concerning a defect in real estate where "(1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642 (1988), syllabus. Prior notice of a past repair to the slab does not change the rights and responsibilities of the parties flowing from the Condo Declaration. These are covenants that run with the land and are binding on successive owners.

**{¶21}** The Association relies on an unreported Texas case, *Buttross V., Inc. v. Victoria Square Condominium Homeowners' Assn., Inc.*, Tex.Civ.App. No. 03-09-00526-CV, 2010 WL 3271957 (Aug. 18, 2010), for the proposition that caveat emptor applies to the present situation, but that case is readily distinguishable.

**{¶22}** The buyer in *Buttross* purchased several condominium units with full knowledge of a defective roof and water damage to the units. The condominium association involved was actively attempting repairs to the roof. The buyer sued the association for breach of contract for damages allegedly sustained to the units after purchase as a result of the leaking roof. If the condominium association had argued that it had no duty to fix the roofs in question, then the cases would be similar. However, it did not. The condominium association was trying to repair the roof leaks that had resulted from hail damage and were exacerbated by a new defective roof installed by a contractor hired by the condominium association. The condominium association still had a duty to repair the common roof, and no one argued otherwise. The knowledge the buyer had in *Buttross* regarding the defective roof prevented recovery from the association and the contractor for damages suffered to the units themselves because the damage sustained prior to purchase could not be parsed out separately from that sustained after purchase, and the condominium units were already discounted to account for water damage.

**{¶23}** Here, Koslowski is not asking for compensation for damages sustained to her unit. She is asking the Association to abide by its Condo Declaration and fix the

common area it is required to fix under Article XI. The doctrine of caveat emptor does not change the duties of the Association under its contract with condominium owners.[1] It is the responsibility of the Association to care for, maintain, and repair structural elements of the units, and that duty is not shifted by disclosure of a repair of the slab under the kitchen that occurred in 1994.

{¶24} Caveat emptor has no bearing on the responsibilities of the parties in this case. The Association's first assignment of error is overruled.

### III. Conclusion

{¶25} The Condo Declaration places the burden on the Association to care for, maintain, and repair the common areas, including the soil and slab supporting Koslowski's condominium unit. The Association has no basis to avoid the repairs Koslowski has requested.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[1] This is assuming the doubtful proposition that the doctrine even applies to a third party such as the Association where the contract for sale was between Koslowski and the prior owner of the unit.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
EILEEN A. GALLAGHER, J., CONCUR