[Cite as *Cherry v. Partlow*, 2024-Ohio-320.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ELLIOTT J. CHERRY | C.A. No.　30753 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL A. PARTLOW | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.　CV-2022-05-1494 |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2024

FLAGG LANZINGER, Judge.

{¶1} Plaintiff-Appellant Elliot Cherry appeals from the judgment of the Summit County Court of Commons Pleas which granted Defendant-Appellee Michael Partlow's motion for judgment on the pleadings. This Court affirms.

I.

{¶2} On November 2, 2019, Cherry hired Partlow to represent him at the resentencing hearing which was the focus of *Cherry III*. *State v. Cherry*, 9th Dist. Summit No. 29732, 2021-Ohio-1473, ¶ 2-5 ("*Cherry III*"). On May 10, 2021, Cherry filed a complaint for legal malpractice and breach of contract against Partlow. Cherry admitted in his complaint, "there is no dispute that an attorney-client relationship existed. In fact, the attorney-client relationship existed until April 28, 2021."

{¶3} Pursuant to Civ.R. 12(C), Partlow filed a motion for judgment on the pleadings, arguing that the complaint was not filed within the one-year statute of limitations for a claim of

legal malpractice. The trial court granted Partlow's motion for judgment on the pleadings. Cherry has appealed, raising two assignments of error for our review. This Court consolidates the assignments of error to facilitate our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ABUSED ITS DISCRETION [BY] GRANTING [PARTLOW'S] MOTION [FOR] JUDGMENT ON THE PLEADINGS CIV. R. 12(C) BY INCORPORATING CIV.R. 3 TO DETERMINE R.C. 2305.11(A) ONE-YEAR STATUTE OF LIMITATION.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING [PARTLOW'S] MOTION [FOR] JUDGMENT ON THE PLEADINGS CIV.R. 12(C) UPON THE TIMELINE OF THE FILINGS OF THE CIVIL COMPLAINT CIV.R. 3(A) TO DETERMINE WHETHER THE [APPELLANT], ATTORNEY-CLIENT RELATIONSHIP UPON THE ONE YEAR STATUTE OF LIMITATION R.C. 2305.11(A) WHERE OF THE CLERK OF COURT CAUSED THE DELAY IN TIMELY FILING THE CIVIL COMPLAINT R.C. 2305.11(A).**

{¶4} In his first assignment of error, Cherry argues that the trial court abused its discretion in granting Partlow's motion for judgment on the pleadings. Cherry asserts that the one-year statute of limitations does not apply. In his second assignment of error, Cherry argues that the trial court abused its discretion by not determining that the statute of limitations tolled because he filed his complaint on April 5, 2022. Cherry asserts that the Summit County Clerk of Courts caused his delay in timely filing by not returning his complaint with necessary forms until April 27, 2022. We disagree.

{¶5} A trial court's order granting a motion to dismiss filed under Civ.R. 12(C) is reviewed under a de novo standard. *Hall v. Crystal Clinic, Inc.*, 9th Dist. Summit No. 28524, 2017-Ohio-8471, ¶ 5. "When reviewing a matter de novo, this [C]ourt does not give deference to

the trial court's decision." *Blue Heron Nurseries, L.L.C. v. Funk*, 186 Ohio App.3d 769, 2010-Ohio-876, ¶ 5 (9th Dist.).

{¶6}   Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶7}   "The Ohio Supreme Court has defined malpractice as 'professional misconduct, i.e., the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances.'" *Sandor v. Marks*, 9th Dist. Summit No. 26951, 2014-Ohio-685, ¶ 10, quoting *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶ 15. This Court has recognized that "[c]laims arising out of an attorney's representation, regardless of their phrasing or framing, constitute legal malpractice claims that are subject to the one-year statute of limitations set forth in R.C. 2305.11(A)." (Internal quotations and citations omitted.) *Sandor* at ¶ 10. In *Zimmie v. Calfee, Halter and Griswold*, 43 Ohio St.3d 54 (1989), the Supreme Court of Ohio established a two-part test to determine when the statute of limitations begins to run on a claim for legal malpractice, stating:

> Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.

*Zimmie* at syllabus.

{¶8}  In the present case, Cherry's complaint listed claims for legal malpractice and breach of contract. The breach of contract claim arose directly out of Partlow's legal representation. Both claims are subject to the one-year statute of limitations set forth in R.C. 2305.11.

{¶9}  Cherry's complaint admits that his and Partlow's attorney-client relationship terminated on April 28, 2021. Taking the material allegations within his complaint as true, the statute of limitations for Cherry's claims expired on April 27, 2022. Cherry's May 10, 2022 complaint was not filed within the one-year statute of limitations. Accordingly, Partlow's motion for judgment on the pleadings was properly granted. Cherry's first assignment of error is without merit.

{¶10}  Cherry next argues that the statute of limitations tolled because the Summit County Clerk of Courts caused his delay. Cherry is currently incarcerated and alleges that he gave his complaint to prison officials on April 5, 2022. He further alleges that the Summit County Clerk of Courts returned his complaint on April 27, 2022, because of Cherry's failure to include a completed and notarized fee waiver form.  As a result, Cherry's complaint was not filed until May 10, 2022.

{¶11}  There are no facts in the record to support Cherry's assertion that the Clerk delayed his filing. Cherry's complaint does not reference his alleged interaction with the Clerk. The record reflects that Cherry's complaint was filed on May 10, 2022, not April 5, 2022, as Cherry alleges. Furthermore, the record is devoid of any evidence of interaction between Cherry and the Clerk's office prior to May 10, 2022.  Cherry's second assignment of error is without merit.

{¶12}  Cherry's assignments of error are overruled.

III.

{¶13}  Cherry's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ELLIOTT J. CHERRY, pro se, Appellant.

MICHAEL A. PARTLOW, pro se, Appellee.